**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Joseph P. Mills,<br><br>                Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>                Defendant. | No. CV-16-08032-PCT-JJT<br><br>**ORDER** |

      At issue is the denial of *pro se* Plaintiff Joseph P. Mills's Applications for Disability Insurance Benefits and Supplemental Security Income by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 13, "Pl.'s Br."), Defendant SSA Commissioner's Opposition (Doc. 21, "Def.'s Br."), and Plaintiff's Reply (Doc. 24, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 9, R.) and now remands this case for further proceedings, as requested by Defendant in its responsive brief (Def.'s Br. at 3).

      Plaintiff filed his Applications on March 23, 2012, for a period of disability beginning October 1, 2011. (R. at 16.) Plaintiff's claim was denied initially on June 13, 2012 (R. at 95-101) and on reconsideration on February 6, 2013 (R. at 102-31). Plaintiff then testified at a hearing held before an Administrative Law Judge ("ALJ") on May 12, 2014. (R. at 32-94.) On September 10, 2014, the ALJ denied Plaintiff's Applications.

(R. at 16-24.) On November 17, 2015, the Appeals Council upheld the ALJ's decision (R. at 7-9), and, on December 10, 2015, the Appeals Council upheld the ALJ's decision again, after considering additional information provided by Plaintiff (R. at 1-4). The present appeal followed.

Both sides now ask the Court to remand this matter—Plaintiff, for a calculation of benefits, and Defendant, for further proceedings. In its response brief, Defendant moves for remand pursuant to sentence four of 42 U.S.C. § 405(g) (Def.'s Br. at 3). The Commissioner states that the SSA has determined that this case should be remanded to the ALJ with instructions to perform further action needed to complete the record, specifically, with regard to determining whether Plaintiff's impairment or combination of impairments meets or medically equals the standard for statutory blindness. 42 U.S.C. §§ 416(i)(1)(B), 1382c(a)(2); Appendix 1 to Subpart P of 20 C.F.R. Part 404, §§ 2.00(A)(6)(c), 2.03; 20 C.F.R. §§1581, 416.981.

The ALJ's opinion and the record reveal that Dr. Mathew Sullivan conducted a neurological consultative evaluation that identified discrepancies in the medical findings regarding Plaintiff's visual field loss. (R. at 22, 562.) The Court thus agrees with Defendant that the record is not complete, and, contrary to Plaintiff's argument, the evidence the ALJ did consider is not sufficient to mandate a finding that Plaintiff is disabled. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101-103 (9th Cir. 2014). Pursuant to 42 U.S.C. § 405(g), the Court will remand to the SSA for further proceedings, namely, to: (1) hold a *de novo* hearing; (2) obtain a neurological consultative examination pursuant to Dr. Sullivan's recommendation; (3) re-evaluate Listing 2.03A; and (4) continue with the sequential disability evaluation process and issue a new decision.

IT IS THEREFORE ORDERED that this case is remanded to the Commissioner of the Social Security Administration for further proceedings consistent with this Order. The Administrative Law Judge shall perform any further action needed to complete the

| 1 | record, including that noted above, shall conduct a *de novo* hearing, and shall issue a new |
| 2 | decision. |

IT IS FURTHER ORDERED that the Clerk is directed to enter final judgment consistent with this Order and close this case.

Dated this 26th day of September, 2017.

_____
Honorable John J. Tuchi
United States District Judge